UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL DUCHARME                    :
                                    :
        v.                          :        C.A. No. 14-197L
                                    :
THOMAS PIERCE                       :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72(a))

is Plaintiff's Motion for Summary Judgment. (Document No. 13). Defendant objects. (Document

No. 16). For the following reasons, I recommend that Plaintiff's Motion for Summary Judgment be

DENIED.

**Facts**

Plaintiff, an inmate at the High Security Center of the Rhode Island Adult Correctional

Institutions ("ACI"), brings this lawsuit against Defendant, a Correctional Officer at the ACI,

alleging that Defendant assaulted him and used excessive force against him without just cause.

(Document No. 1 at p. 3). Plaintiff also alleges that following the assault, Officer Pierce "wrote

[him] up on a false discipline report in an attempt to cover up his actions." Id.

Although the parties agree as to some of the underlying facts, the crux of the facts supporting

Plaintiff's claims remain in dispute. For example, the parties agree that Plaintiff was sprayed with

O.C. gas by Defendant and charged in a disciplinary offense of disobedience. (Document No. 14 at

¶¶ 1, 2). They also agree that it is the routine practice in the prison to remove prisoners charged with

serious disciplinary offenses from the general population to segregation pending the resolution of their disciplinary charges. (Document No. 14 at ¶ 3).

There is also no dispute that Plaintiff denied any wrongdoing regarding the disciplinary offense, but was found guilty at the disciplinary hearing. (Document No. 14, ¶¶ 4, 6). The parties agree that following the hearing, a written disposition prepared by hearing officer Lieutenant Galligan stated that Plaintiff was "guilty of an adjusted 207" but provided no other explanation. (Document No. 14 at ¶ 8). Plaintiff appealed to Deputy Warden Alfred Leach, which resulted in his time in segregation being reduced from fifteen days to seven days. (Document No. 14 at ¶¶ 9, 10). Plaintiff served all seven days in segregation. (Document No. 14 at ¶ 11).

The parties have very different accounts of several key facts which are set forth in competing sworn declarations. (Document No. 13 at pp. 2-4 and No. 16-1 at pp. 1-3). Plaintiff asserts, for example, that there was "no cause" to spray him with O.C. gas, whereas Defendant asserts that Plaintiff disobeyed his order and "approached [him] in an aggressive and threatening manner." (See Document No. 17 at p. 2). Plaintiff also claims that "[n]o evidence was submitted" at the disciplinary hearing "that supported the charge" against him. Defendant disagrees and notes that the "disciplinary report" concerning the infraction was submitted as evidence and "relied upon in finding plaintiff guilty." Id.

**Standard of Review**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the

nonmoving party and draw all reasonable inferences in the nonmoving party's favor.  Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties.  Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains."  Cadle, 116 F.3d at 960 (citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)).  An issue of fact is "genuine" if it "may reasonably be resolved in favor of either party."  Id.  (citing Maldonado-Denis, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-257 (1986).  "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).  Moreover, the "evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve."  Id.  (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)).  Therefore, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to

enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985

F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson, 477 U.S. at 249).

**Discussion**

Plaintiff's Civil Cover Sheet indicates that his case states a "§ 1983 civil rights action" for

"assault/excessive force." In his Motion for Summary Judgment, Plaintiff asserts that he is entitled

to judgment as a matter of law as to both his claim that Defendant violated his due process rights in

connection with the disciplinary hearing and subsequent booking, and also as to his claim that

Defendant violated his Eighth Amendment rights.

**A.      Due Process Claims**

Turning first to Plaintiff's due process claim, Plaintiff seemingly asserts two claims: First,

that his liberty interest was implicated because he was subject to segregation without receiving due

process, and second, that he was denied due process because the Hearing Officer did not provide him

with an adequate explanation as to the finding of guilt. Neither of these claims is appropriate for

resolution on this Motion for Summary Judgment, because when the evidence is viewed in

Defendant's favor, as I am required to do at this stage, there are factual and legal issues that preclude

the entry of judgment.

First, to state a due process violation, an inmate must demonstrate a deprivation of a life,

liberty or property interest. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The Supreme Court has

made clear that the liberty interests of prison inmates are "generally limited to freedom from

restraint" imposing "atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In Sandin, the Supreme Court

explained that "[t]he Due Process Clause standing alone confers no liberty interest in freedom from

state action taken 'within the sentence imposed'" and held that a prisoner's punishment of thirty days in disciplinary segregation "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. at 480, 486. Therefore, to the extent Plaintiff asserts a due process violation related to his confinement in segregation pending resolution of his disciplinary charges, there is no legal support for such a claim, and Plaintiff is not entitled to judgment.

Plaintiff also asserts a second due process claim, seeking recovery on the basis that the Hearing Officer's decision did not adequately explain the reasons for his finding in Defendant's favor. Plaintiff concedes that there was a written document prepared following the hearing, but asserts that the document is insufficient. Viewing the record in Defendant's favor, as I am required to do at this stage, Plaintiff is also not entitled to Summary Judgment on this due process claim. When viewed in Defendant's favor, the record shows that a rational factfinder could find that the written report issued following the hearing met the modicum of evidence required to satisfy due process. See, e.g., Parker v. Vose, 875 F. Supp. 954, 956 (D.R.I. 1994). Accordingly, I recommend that Plaintiff's Motion for Summary Judgment be DENIED as to the due process claims.

**B.    Eighth Amendment**

Plaintiff also alleges that the actions of Defendant in using a chemical agent against him, booking, disciplining and placing him in segregation "without substantial evidence" violated the Eighth Amendment's prohibition against cruel and unusual punishment. "Generally speaking, '[a]fter incarceration, only the unnecessary and wanton infliction of pain...constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Skinner v. Cunningham, 430 F.3d 483, 488 (1st Cir. 2005) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). "The critical question in such a

case is whether the force was applied 'maliciously and sadistically for the very purpose of causing harm'...rather than 'in a good-faith effort to maintain or restore discipline.'" Id. (quoting Whitley, 475 U.S. at 320-321 and Hudson v. McMillian, 503 U.S. 1, 7 (1992)). Here again, there are disputed factual issues, which, when viewed in Defendant's favor, preclude the entry of summary judgment on the Eighth Amendment claim. Defendant's Affidavit concedes the use of a chemical agent against Plaintiff, but provides significant background facts which, if credited by the finder of fact, justify the spraying and directly contradict Plaintiff's conclusory statement that his behavior was "not cause to spray any prisoner with O.C. gas." (Document No. 14 at p. 1). Because there are material facts in dispute at this stage, summary judgment is not appropriate.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motion for Summary Judgment be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 11, 2014